NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0064n.06

No. 08-5704

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Feb 01, 2010

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellee,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| JOE S. COFFMAN, | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellant.** | ) | |

BEFORE: NORRIS, COOK, and GRIFFIN, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** Defendant, Joe Coffman, and eight other individuals were charged with drug trafficking offenses in a twenty-three-count superseding indictment. Coffman and all eight of his co-defendants were charged in Count One with conspiracy to distribute and to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). In Count Thirteen, Coffman and two co-defendants were charged with aiding and abetting the distribution of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. Both counts included a forfeiture allegation targeting Coffman's interest in real property located at 817 Riverview Drive, Elizabethton, Tennessee.

Each of Coffman's co-defendants pleaded guilty pursuant to plea agreements. Coffman proceeded to trial. At the conclusion of the government's case, Coffman moved for judgment of

acquittal, which the district court denied. After Coffman presented his defense, counsel failed to renew his motion for acquittal.

The jury returned a verdict finding Coffman guilty on both Count One and Count Thirteen. The jury then found Coffman's interest in the property at 817 Riverview subject to forfeiture on both counts. The district court sentenced Coffman to a statutory mandatory minimum term of 120 months of imprisonment and ordered Coffman to forfeit his interest in the 817 Riverview property.

**I.**

Coffman raises two issues on appeal. First, he argues that the evidence contained in the record is insufficient as a matter of law to sustain his convictions for the offenses charged. Second, he argues that his interest in the 817 Riverview Drive property is not subject to forfeiture because the property was not derived from any drug trafficking proceeds nor was the property used or intended to be used to commit or facilitate the commission of any drug trafficking offenses.

1. *Sufficiency of the Evidence*

A defendant who fails to renew a motion for acquittal forfeits the right to challenge the sufficiency of the evidence on appeal. In such cases, our review is limited to determining whether "a manifest miscarriage of justice" would result from affirming a conviction. *United States v. Morrow*, 977 F.2d 222, 230 (6th Cir. 1992). "A miscarriage of justice exists only if the record is devoid of evidence pointing to guilt." *United States v. Price,* 134 F.3d 340, 350 (6th Cir. 1998) (citation and quotation omitted).

In this case, Coffman failed to renew his motion for judgment of acquittal and has therefore forfeited the right challenge the sufficiency of the evidence. Having reviewed the record, we find

that it contains evidence pointing to guilt. Accordingly, affirming the conviction would not result in manifest injustice and the conviction must be affirmed.

2. *Forfeiture*

Findings of fact in a criminal forfeiture proceeding are reviewed for clear error, and "the question of whether those facts are sufficient to constitute a proper criminal forfeiture is reviewed *de novo*." *United States v. O'Dell*, 247 F.3d 655, 679 (6th Cir. 2001). Property is subject to forfeiture when it is used to commit or facilitate the commission of the offense of conviction, or where the property was acquired by the proceeds of the crime. 21 U.S.C. § 853(a)(1)-(2). Property is considered to facilitate an offense where the property in question bears a "sufficient nexus" or a "substantial connection" to the underlying offense. *United States v. Smith*, 966 F.2d 1045, 1055 (6th Cir. 1992). The government must prove by a preponderance of the evidence that the property is subject to criminal forfeiture. *Id.* at 1052.

Here, Coffman contends that the evidence presented at trial showed only that the home he owned at 817 Riverview was used for acquaintances and friends to gather to use methamphetamine that each had individually obtained for his or her own use. The government, however, presented trial evidence showing that Coffman's home was the site of multiple drug transactions undertaken as part of the charged drug offenses. Among that evidence was testimony by DEA agents that Coffman facilitated a confidential informant's controlled drug buy from co-defendant Alfonso Garcia inside the 817 Riverview property and that, while under surveillance, various members of the conspiracy traveled to and from the 817 Riverview property to conduct drug transactions with Garcia. Additionally, pursuant to cooperative plea agreements, a number of Coffman's co-defendants

testified that Garcia regularly conducted drug transactions at the 817 Riverview property. Moreover, co-defendant Charles Carden testified that he sold methamphetamine on Garcia's behalf and that he obtained the methamphetamine he sold from Garcia at the 817 Riverview property. Thus, the government met its burden of proof that the 817 Riverview property bore a sufficient nexus to the underlying criminal activities. The forfeiture proceedings immediately following the trial showed that Coffman owned the 817 Riverview residence. Accordingly, the district court properly ordered forfeiture.

**II.**

The judgment of the district court is **affirmed**.